Gilmore C. Gulbranson v. Commissioner.
Gulbranson v. Commissioner
Docket No. 4048-66.
United States Tax Court
T.C. Memo 1968-149; 1968 Tax Ct. Memo LEXIS 149; 27 T.C.M. (CCH) 738; T.C.M. (RIA) 68149; July 16, 1968, Filed Gilmore C. Gulbranson, pro se, 12333 S.LaSalle St., Chicago, Ill James F. Hanley, Jr., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined a deficiency in petitioner's 1962 income tax in the amount of $510.16. The only question is whether petitioner, a resident of Chicago, is entitled to deduct from his gross income the amounts he admittedly spent for tuition and books (totalling $317.77) in 1962 while attending night school. Petitioner had claimed this deduction in his income tax return filed for that year with the district director of internal revenue at Chicago and respondent has disallowed same. Petitioner had claimed similar deductions for educational expenses for the years 1959 and 1960, under section 162, Internal Revenue Code of 1954, on the *150 ground that his attendance at school was to maintain or improve skills required in his employment and hence the educational expenses were deductible under section 1.162-5(1), Income 739 Tax Regs. When respondent disallowed these claimed deductions petitioner filed petitions with this Court contesting the deficiencies and after rather lengthy trials and extended briefs and arguments we upheld respondent's determinations. See Gilmore C. Gulbranson and Dorothy L. Gulbranson, T.C. Memo. 1963-205 (July 31, 1963), and Gilmore C. Gulbranson and Dorothy L. Gulbranson, T.C. Memo. 1964-313 (Dec. 2, 1964). In the instant case there was a stipulation of facts and there was no testimony by witnesses though petitioner did offer some documentary evidence consisting of a pamphlet containing the Description of Courses at the night law school he attended, the 1961 Statistical Report of the American Bar Foundation, the copy of an address by an insurance adjuster, a publication reciting the appointments, qualifications, and duties of an Illinois Notary Public, the American Bar News, Vol. 6, No. 1, several pamphlets and brochures from insurance companies and a Reader's Digest *151 article (page 132 of 1967 Digest). The stipulation of facts filed in this case contains the following pertinent paragraph: 3. The transcripts of the proceedings of the cases of Gilmore C. Gulbranson and Dorothy L. Gulbranson, T.C. Memo. 1963-205 and Gilmore C. Gulbranson and Dorothy L. Gulbranson, T.C. Memo. 1964-313, are incorporated herein and made a part hereof. The testimony of the witnesses in said proceedings may be used in this case as though the several witnesses had appeared in this case and testified. Petitioner has filed no brief or written argument in this case. As indicated above, this identical issue has been twice decided against petitioner. The material facts in this proceeding do not differ from those in the other two proceedings, only the tax year and the amount expended provide a variance. No useful purpose would be served by again reciting the facts on which we based our conclusions in the former cases. It is enough to state we have reviewed all of the facts and we reach the same conclusion that, on the record presented, the educational expenses do not constitute allowable deductions. Decision will be entered for the respondent. *152